**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**DANNY ELLIOTT BEAUCLAIR,**

**Plaintiff,**

**v.** **CASE NO. 03-3237-SAC**

**BILL GRAVES, et al.,**

**Defendants.**

**O R D E R**

Plaintiff, a Kansas prisoner, proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983, seeking relief for alleged violations of plaintiff’s rights during his confinement. Having reviewed the entire record, the court enters the following findings and order.

Plaintiff states he has been diagnosed with fibromyalgia, chronic fatigue, chronic pain syndrome, sleep disorder, irritable bowel syndrome, plantar fasciitis, osteoarthritis, degenerative disc disease, bilateral leg radiculopathy, and hypothyroidism. His prison medical request forms cite even more disorders. Plaintiff complains of being in constant pain, and states medical staff provide inadequate treatment and refuse his requests for alternative treatments or evaluations.

In the original complaint naming 46 defendants, plaintiff alleged he was subjected to delayed dental treatment, inadequate medical care for fibromyalgia, disregard of physical disabilities, and inmate assault, all spanning his confinement in a county jail

and three correctional facilities. The court reviewed the complaint and voluminous attachments and found the action was subject to being dismissed without prejudice if plaintiff did not submit an amended complaint on a court form that provided a short and plain statement of each claim, supported with a brief factual summary for each claim that entails no more than a total of five additional pages to the form complaint. The court also directed plaintiff to show each defendant's personal participation in the alleged constitutional deprivation, and to demonstrate full exhaustion of administrative remedies on each claim asserted in the amended complaint.

In response, plaintiff has filed five amendments or supplements to his complaint to generally update and document plaintiff's attempts to obtain requested medical treatment during his confinement. New defendants and claims are included in each amended and supplemental pleading.[1]

Exhaustion of Administrative Remedies

The Prison Litigation Reform Act (PLRA) enacted in 1996 mandates that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). *See also*, Booth v. Churner, 532 U.S. 732 (2001)(§ 1997e(a), as amended by PLRA, requires prisoners to exhaust administrative remedies irrespective of the relief sought

[1]By the court's count, the amended and supplemental pleadings (Docs. 8, 10, 12, 13, and 21) named an additional 21 defendants.

and offered through administrative channels).

Plaintiff has the burden of showing full exhaustion of administrative remedies by attaching copies of the administrative proceedings or by describing their specific disposition. Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210-11 (10th Cir. 2003), *cert. denied*, 543 U.S. 925 (2004). Full exhaustion of all claims presented in the complaint is required. *See* Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004)(§ 1997e(a) requires “total exhaustion;” prisoner complaint containing a mixture of exhausted and unexhausted claims is to be dismissed). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under [the Act] for failure to exhaust his administrative remedies." Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002).

Accordingly, plaintiff’s contention that exhaustion of administrative remedies is not required to proceed under 42 U.S.C. § 1983 is clearly not accurate after enactment of the Prison Litigation Reform Act in 1996, and plaintiff’s repeated expansion of his complaint to include defendants and allegations for which plaintiff identifies no full exhaustion of administrative remedies presents an obvious noncompliance with the “total exhaustion” rule as announced in Ross.

However, even if full exhaustion of administrative remedies could be presumed based on plaintiff’s recent grievances, the court finds this action should be dismissed because no cognizable Eighth Amendment claim is stated upon which relief can be granted under §

1983. *See also* 42 U.S.C. § 1997e(c)(2)("In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune form such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.").

Medical Claims

To allege a valid claim under 42 U.S.C. § 1983, a plaintiff must assert the denial of a right, privilege or immunity secured by federal law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). In the present case, plaintiff essentially claims he is subjected to cruel and unusual punishment in violation of his rights under the Eighth Amendment because effective medical and dental treatment is being denied.

Prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). *See* Garrett v. Stratman, 254 F.3d 946, 949 (10th Cir. 2001)(Eighth Amendment violated if prison official knows of and disregards an excessive risk to inmate health or safety). To state a cognizable Eighth Amendment claim for failure to provide medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993)(internal quotation marks omitted). This deliberate indifference requirement has two components: (1) an objective component requiring that the pain or

deprivation be sufficiently serious, and (2) a subjective component requiring that the offending officials act with a sufficiently culpable state of mind. Perkins v. Kansas Department of Corrections, 165 F.3d 803, 809 (10th Cir. 1999)(*citing* Wilson v. Seiter, 501 U.S. 294, 298-99 (1991)). "A medical need is sufficiently serious 'if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000)(*quoting* Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999)). "[A] delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm." Id. at 950 (internal quotation marks omitted). Substantial harm is a "lifelong handicap, permanent loss, or considerable pain." Id.

It is well recognized, however, that allegations of negligence in the diagnosis or treatment of a prisoner's medical condition do not state a valid claim of medical mistreatment under the Eighth Amendment. Estelle, 429 U.S. at 106. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. Id. The decision whether to order specific medical testing "is a classic example of a matter for medical judgment." Id. at 107. A decision not to order specific medical tests represents at most a matter of medical malpractice, for which the state courts offer the proper forum for relief. Id.

Accordingly, even if plaintiff’s constant pain and array of

specific medical problems were to satisfy the Eighth Amendment's objective standard of showing a serious medical need,[2] no cognizable constitutional claim is stated because plaintiff's allegations fail to establish the subjective requirement for stating an Eighth Amendment claim of deliberate indifference against any defendant. Although plaintiff alleges additional and different treatment is necessary to alleviate his pain and suffering, no deliberate indifference is established by this difference of opinion regarding appropriate medical care. *See* id., 429 U.S. at 106-07; Oxendine v. Kaplan, 241 F.3d 1272, 1276 (10th Cir. 2001). Plaintiff documents 23 grievances submitted to Lansing Correctional Staff on November 13, 2003, each itemizing a specific medical complaint.[3] In response to most of these grievances, plaintiff was scheduled to see a rheumatologist. Plaintiff thereafter complained that the rheumatologist's overall assessment of plaintiff's condition failed to address the treatment needed to address and alleviate each of plaintiff's specific symptoms.

---

[2]*But see, e.g.*, Davidson v. Scully, 914 F.Supp. 1011 (S.D.N.Y. 1996)(prisoner's complaint that prison officials would not provide special care for inmate's eye condition, tinnitus, knee condition, allergies, urological condition, dermatological problems, cardiac problems, and post-surgical hernia condition, did not implicate medical conditions sufficiently serious to render neglect cruel and unusual punishment).

[3]Plaintiff complained in part of not getting an additional mattress he believes would relieve pain, not getting a requested thyroid test, foot and sleep problems, eye pain, ringing in his ears, pain and sensory problems specifically related to fibromyalgia, pain medications not working, and not getting requested restrictions or cell assignments to accommodate his medical needs. (*See* Doc. 16.)

The record fully documents continuing care and attention to plaintiff’s numerous medical needs. Although the provision of continuing medical treatment does not itself foreclose a claim for deliberate indifference to medical needs, id. at 1279, plaintiff’s allegations fail to suggest that any defendant disregarded an obvious medical concern or failed to take reasonable steps to address any medical need that presented a substantial risk of harm. *See e.g.*, Glass v. Rodriguez, 417 F.Supp.2d 943 (N.D.Ill. 2006)(MRI requested by prisoner may have been helpful and desirable diagnostic tool, but was not a “serious medical need” where record demonstrates constitutionally adequate treatment for chronic back pain). To the extent plaintiff alleges no cure for his continuing pain and specific medical problems has been provided, no deliberate indifference is established, as in this case, if constitutionally acceptable care is being provided. *See* Snipes v. DeTella, 95 F.3d 586, 591 (7th Cir. 1996)(physician inability to effect final cure is not proof of deliberate indifference), *cert. denied*, 519 U.S. 1126 (1997).

Accordingly, the court concludes the amended and supplemented complaint should be dismissed as stating no claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii); 42 U.S.C. § 1997e(c)(2).

IT IS THEREFORE ORDERED that the complaint is dismissed as stating no claim upon which relief can be granted under 42 U.S.C. § 1983.

IT IS FURTHER ORDERED that plaintiff’s motion for appointment of counsel (Doc. 25) and motion to compel (Doc. 27) are denied.

**IT IS SO ORDERED.**

DATED:   This 29th day of June 2006 at Topeka, Kansas.

                                    s/ Sam A. Crow
                                   SAM A. CROW
                                   U.S. Senior District Judge